UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PETER J. GAY,

      Movant,

 

     v.

UNITED STATES OF AMERICA,

     Respondent.

CRIMINAL ACTION NO.
1:09-CR-0335-CAP

CIVIL ACTION NO.
1:12-CV-2704-CAP

## O R D E R

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 156] and the movant's objections thereto [Doc. No. 158].  The magistrate judge recommends the denial of the movant's § 2255 motion in its entirety. The movant raises objections as to the magistrate judge's recommendation as to the claim of ineffective assistance of trial counsel based upon the failure of his attorney to discuss with him the possibility of a plea without an agreement.

The magistrate judge conducted an evidentiary hearing in which he heard the testimony of the movant and his trial attorney, David Jones.  The magistrate judge recommended  rejection of the ineffective assistance claim

because (1) he did not find the movant's testimony credible, and (2) he credited Jones's testimony about his advice to the movant that winning at trial would be "a long shot" and that if he lost at trial he would likely receive the maximum sentence.

In Ground 5 of his motion to vacate, the movant contends that he went to trial rather than pleading guilty because he received ineffective assistance of trial counsel.   Specifically he contends that Jones failed to discuss with him the option of entering a plea without an agreement.  At the evidentiary hearing, the movant testified that he would have entered a straight-up plea had Jones advised him of that option. However, the movant conceded that he flatly rejected the government's plea offer of eight years.

In the objections to the R&R, the movant contends that the magistrate judge concluded that the movant never told Jones he was willing to enter a straight-up plea without addressing the fact that the movant's reluctance to enter a straight-up plea was based on Jones's misadvice as to the sentence likely to be imposed upon entry of a straight-up plea.   The movant contends that because the guideline range for a straight-up plea would have been less than the 10 years represented by Jones, he was never given the option to consider a straight-up plea under the proper circumstances.

After reviewing the transcript of the evidentiary hearing, the court concludes that the movant would not have considered any plea that resulted in more than 3 years imprisonment.  Therefore, the court finds that even if Jones had discussed a straight-up plea with the movant and informed him that the guideline range for a straight-up plea was 77-96 months, the movant would not have opted for the plea.  Even if the court credits the movant's testimony that he requested his counsel to discuss a 6-year plea agreement with the government, there is nothing to indicate that the movant would have been willing to enter a straight up plea under which the guidelines would be between 6.4 years and 8 years.  This conclusion is bolstered by the fact that the movant flatly rejected the government's plea offer of 8 years.

 Because the court finds no reasonable probability that the movant would have entered a straight-up plea under a guideline range of 77-96 months, he cannot establish that he was prejudiced by the failure of Jones to discuss a straight-up plea with him.  *See Lafler v. Cooper,* 132 S. Ct. 1376, 1385 (2012).  Therefore, the movant cannot prevail on his ineffective assistance of counsel claim.

Accordingly, the court ADOPTS the recommendation of the R&R [Doc. No. 156], and the movant's § 2255 motion is DENIED.  Furthermore, the court concurs with the magistrate judge's determination that the movant has

not made a substantial showing of the denial of a constitutional right.

Therefore, the recommendation that a certificate of appealability be denied is

likewise ADOPTED.

SO ORDERED, this 7th day of November, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge